# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL BARLOW,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:12-1931 |
| v. | : | (RAMBO, D.J.) |
| | | (MANNION, M.J.) |
| **STATE OF PA ACTORS and JOHN/JANE DOE,** | : | |
| Defendants | : | |
| | : | |

# **REPORT AND RECOMMENDATION**[1]

On September 27, 2012, the plaintiff, an inmate at the State Correctional Institution, Coal Township, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). After having been directed to do so, on October 18, 2012, the plaintiff filed the appropriate motion for leave to proceed *in forma pauperis*, (Doc. No. 9), and prisoner authorization form, (Doc. No. 10). As a result, a financial administrative order was sent to the Superintendent/Warden at SCI-Coal Township directing that the filing fee for the instant action be deducted from the plaintiff's inmate account. (Doc. No. 11). As the plaintiff is proceeding *in forma pauperis*, the court accordingly is giving his complaint preliminary consideration pursuant

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

to 28 U.S.C. §1915(e)(2)(B)[2]. In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B), the court will recommend that the complaint be dismissed.

Upon review of the instant action, the plaintiff is alleging violations of his constitutional rights by unnamed Pennsylvania and Dauphin County individuals during a time span dating from 1969 through 1974. Specifically, the plaintiff alleges that on or about March 19, 1969, he was sentenced in the Court of Common Pleas, Dauphin County, to 4 ½ to 13 years of incarceration on a conviction for escape and assault. Shortly thereafter, on June 5, 1969, he was sentenced in Dauphin County to death on a conviction for murder and placed on death row.

On or about July 8, 1969, the plaintiff alleges that he was transferred to SCI-Camp Hill where he was "placed in an isolated basement area beneath the segregated housing unit preventing contact with any other prisoners, designating his circumstances and living accommodations as [d]eath [r]ow."

On or about July 25, 1969, the plaintiff alleges that he was transferred to SCI-Philadelphia, where he was again placed in an isolated area for death row prisoners.

---

[2]Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

On or about November 11, 1969, the plaintiff alleges that he was transferred back to Dauphin County and "returned to isolation and [d]eath [r]ow while awaiting court on other charges."

The plaintiff alleges that he was transferred to SCI-Pittsburgh on or about February 20, 1970, where he was subjected to "severe emotional trauma, the result of massive smoke inhalation from a housing unit fire, from water torture tactics of corrections officials and nine days without food, following a housing unit rebellion/riot."

On or about February 4, 1971, the plaintiff alleges that he was transferred back to SCI-Camp Hill where he was released from isolation and death row to begin serving a life sentence. Four days later, however, he alleges that officials rescinded the above classification and directed that he serve the remaining term of the 4 ½ to 13 year sentence for escape and assault.

Finally, on or about November 28, 1974, the plaintiff alleges that his classification was again changed, the result of which was to compute the approximately 600 days spent in isolation and on death row as time credited toward his 4 ½ to 13 year sentence.

Plaintiff alleges that the above actions by the unnamed Pennsylvania and Dauphin County officials violated his Eighth and Thirteenth Amendment rights. He is seeking compensatory and punitive damages.

In considering the plaintiff's complaint, §1983 creates no substantive

rights, but rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Claims under §1983 are generally subject to a state's statute of limitations on personal injuries.³ City of Rancho Palos Verdes, California v. Abrams, 544 U.S. 113, 123 n.5 (2005) (citing Wilson v. Garcia, 471 U.S. 261, 275, 276 (1985)); Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, the statute of limitations on bringing a personal injury cause of action is two years. 42 PA. CONS. STAT. ANN. § 5524(7); Garvin, 354 F.3d at 220.

Here, the plaintiff's claims are well outside of the applicable statute of limitations with the most recent events having allegedly taken place in 1974. As such, the plaintiff's claims are barred by the statute of limitations applicable to §1983 actions, and the plaintiff's complaint should be dismissed.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion for leave to proceed *in forma pauperis*,

**(Doc. No. 9)**, be **GRANTED**; and

---

³There is also "a 4-year, catchall limitations period applicable to 'civil action[s] arising under an Act of Congress enacted after' December 1, 1990." Abrams, 544 U.S. at 123 n.5 (quoting 28 U.S.C. § 1658(a)). The Supreme Court has "held that this 4-year limitations period applies to all claims 'made possible by a post-1990 [congressional] enactment.'" Id. (quoting Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004)). Because the instant suit arises under the U.S. Constitution, the congressional statute of limitations does not apply.

4

**(2)** the plaintiff's complaint be **DISMISSED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: November 6, 2012**
O:\shared\REPORTS\2012 Reports\12-1931-01.wpd